```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              CHARLOTTE DIVISION
                3:04CV245-MU-02
                  (3:02CR2-MU)
```

MARVIN MARCO GRAHAM,        )
    Petitioner,             )
                              )
     v.                      )                <u>ORDER</u>
                              )
UNITED STATES OF AMERICA,   )
    Respondent.             )
_____)

**THIS MATTER** comes before the Court the petitioner's two letters, both filed May 17, 2004. Based upon the fact that the petitioner timely contacted the Court and noted his desire for a direct appeal in his case, the Court will construe the subject letters as a timely filed notice of appeal, and will enter the petitioner's notice of appeal on the record of his criminal proceeding <u>nunc pro tunc</u>.

                I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the record, on January 9, 2002, the petitioner was named in a Bill of Indictment which charged him conspiracy to possess with intent to distribute, and to distribute a detectable amount of marijuana, all in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One); with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) (Count Two); and with conspiracy to launder money, in violation of 18 U.S.C.

§1956 et seq (Count Three).

On April 4, 2002, the petitioner entered into a written Plea Agreement with the government by which he agreed to tender guilty pleas to all of the charges in the Indictment.  Next, on April 24, 2002, the Court held a Plea & Rule 11 Hearing during which the petitioner tendered his guilty pleas.  At the conclusion of that Hearing, the Court conditionally accepted the petitioner's pleas.

On April 27, 2004, the Court conducted a Factual Basis & Sentencing Hearing for the petitioner.  At that time, the Court entertained the parties' Motions for Downward Departures.  After hearing from counsel, the Court granted the government's Amended Motion for Downward Departure and sentenced the petitioner to a term of 168 months imprisonment.  The Court's Judgment was filed on May 11, 2004.

On May 12 and May 17, 2004, the petitioner wrote letters to United States Magistrate Judge Carl Horn.  Pertinent to the instant motion, the essence of the petitioner's letters set forth his complaints that his attorneys had failed to consult with him concerning his appellate options; and that he, in fact, did want to appeal his sentence to the Fourth Circuit Court of Appeals.

After reviewing the petitioner's letters, on May 17, 2004, Magistrate Judge Horn forwarded the documents to the Office of the U.S. Clerk of Court with instructions that the same be

treated either as the petitioner's notice of appeal or his motion to vacate. However, despite the fact that such letters clearly evidenced the petitioner's desire to appeal, and the fact that such letters were sent to the Court just days after his Judgment was filed, the Clerk's Office treated the letters as the petitioner's motion to vacate.

## II. ANALYSIS

Under Fed.R.App.P. 4(b)(1), a defendant must note his appeal within 10 days of the entry of the final judgment. Such time re-requirement is mandatory and jurisdictional. <u>United States v. Robinson</u>, 361 U.S. 220 (1960). A letter or other document filed by an incarcerated prisoner can be a valid notice of appeal under Fed.R.App.P. 3.

In the instant case, the Court's records reflect that the Court's Judgment was filed on May 11, 2004. Pursuant to Rule 4, when the two weekends are excluded from its calculation, the Court finds that the petitioner had up to and including May 25, 2004 in which to file his notice of appeal.

Both of the petitioner's letters (in which he expressed his desires for an appeal) were received well before May 25, 2004. Therefore, the Court now will construe those letters as a pro-se, timely filed notice of appeal, and the Court will enter such notice of appeal on the record of the petitioner's criminal case <u>nunc pro tunc</u>.

## II. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's two letters constitute his pro-se notice of appeal;

2. That the petitioner's notice of appeal was timely filed with this Court;

3. That the Clerk of Court shall enter the petitioner's notice of appeal on the record of his criminal case <u>nunc pro tunc</u>;

4. That the Clerk shall appoint counsel to represent the petitioner on appeal; and

5. That case 3:04CV245-MU-02 shall be **DISMISSED.**

**SO ORDERED.**

**Signed: July 29, 2005**

*[Signature]*

Graham C. Mullen
Chief United States District Judge